UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-----------------------------------------------------------------X
ERLINDA GARGUILO AS EXECUTRIX of the
Estate of OSCAR A. TOLOZA, JR. (deceased),

                                                 *Plaintiff*,

        -against-

KESSLER INSTITUTE FOR REHABILITATION;
KESSLER INSTITUTE FOR REHABILITATION, INC.;
SELECT MEDICAL CORPORATION; SELECT
MEDICAL OF NEW JERSEY, INC.; KESSLER
REHABILITATION CORPORATION;  MONIFA
BROOKS, MD;  and BARBARA T. BENEVENTO, MD,

                                                 *Defendants*.
-----------------------------------------------------------------X

# COMPLAINT

Date case Filed: 28 APR 13

Jury Trial Demanded

Plaintiff, through her attorneys, complaining of the above-named defendants, respectfully alleges, the following:

## THE PARTIES

1. Plaintiff ERLINDA GARGUILO is the Executrix of the Estate of OSCAR A. TOLOZA, JR. (deceased), and was appointed by the Surrogate's Court of Richmond County, New York by Preliminary Letters Testamentary dated March 5, 2013.

2. Defendant MONIFA BROOKS, MD is domiciled in the State of New Jersey.

3. Defendant MONIFA BROOKS, MD, at all times relevant herein, was and is a physician licensed to practice medicine in the State of New Jersey under license number 25MA07755700.

4. Defendant BARBARA T. BENEVENTO, MD is domiciled in the State of New Jersey.

5. Defendant BARBARA T. BENEVENTO, MD, at all times relevant herein, was and is a physician licensed to practice medicine in the State of New Jersey under license number 25MA06298900.

6. Defendant KESSLER INSTITUTE FOR REHABILITATION is, upon information and belief, a division of SELECT MEDICAL.

7. The basis of this information and belief is said defendant's representation to the public on its website http://www.kessler-rehab.com which states "KESSLER INSTITUTE FOR REHABILITATION *A Division of Select Medical.*"

8. A further basis of this information and belief is OSCAR A. TOLOZA JR.'s medical records contain the header "Kessler Institute for Rehabilitation a Select Medical Company."

9. Upon information and belief, no document tendered to OSCAR A. TOLOZA JR. or his then proxies or agents, or executrix states any corporate name.

10. Upon information and belief, the "Select Medical" family of corporations (SELECT MEDICAL OF NEW YORK, INC.; SELECT MEDICAL CORPORATION, SELECT MEDICAL OF NEW JERSEY, INC.) have interlocking directorates and common control, all are Delaware corporations, and are all headquartered in Mechanicsburg, PA.

11. Upon information and belief, KESSLER INSTITUTE FOR REHABILITATION, INC. is a New Jersey Corporation.

12. Collectively KESSLER INSTITUTE FOR REHABILITATION; KESSLER INSTITUTE FOR REHABILITATION, INC. ; SELECT MEDICAL OF NEW YORK, INC.; SELECT MEDICAL CORPORATION, SELECT MEDICAL OF NEW JERSEY, INC., KESSLER REHABILITATION CORPORATION will be referred to as the "SELECT MEDICAL/KESSLER defendants" until the exact corporate responsibility is determined.

## JURISDICTION AND VENUE

13. This court has original jurisdiction over the action pursuant to 28 USC § 1332. There is complete diversity and the amount in controversy exceeds $75,000.

14. Venue is proper in this judicial district pursuant to 28 USC § 1391. The acts and omissions constituting the claim took place in the District of New Jersey.

## AS AND FOR A FIRST CAUSE OF ACTION

15. On or about November 20, 2010, Plaintiff's decedent OSCAR A. TOLOZA JR., was involved in a motorcycle accident where he was seriously injured.

16. TOLOZA was treated at Staten Island University Hospital from on or about November 20, 2010 to on or about January 19, 2011.

17. On or about January 19, 2011, TOLOZA was transferred to SELECT MEDICAL/KESSLER Defendants' facility in West Orange New Jersey.

18. OSCAR A. TOLOZA JR. was admitted to SELECT MEDICAL/KESSLER Defendants' facility in West Orange New Jersey for a comprehensive rehabilitation program.

19. TOLOZA's admitting / attending physician was defendant MONIFA BROOKS, MD.

20. TOLOZA's admitting / attending physician was defendant BARBARA T. BENEVENTO, MD.

21. Upon said admission to SELECT MEDICAL/KESSLER, TOLOZA had no pressure sores, rashes, or non-healing ulcers.

22. Upon said admission to SELECT MEDICAL/KESSLER, TOLOZA's integumentary assessment, was documented in the chart as "negative" with no pressure sores, rashes, or non-healing ulcers.

23. The defendants, SELECT MEDICAL/KESSLER, held themselves out to the public as duly qualified and capable of rendering adequate medical care and treatment, and for such purposes hired doctors, nurses, residents, attendants and other personnel.

24. The defendants, SELECT MEDICAL/KESSLER, held its officers, agents, servants and employees out to the general public, and more particularly to OSCAR A. TOLOZA JR., either by himself or through his health care proxy, as possessing the proper degree of learning and skill to render good and accepted treatment and care to patients.

25. The defendant, SELECT MEDICAL/KESSLER, undertook and agreed to render medical care and treatment to OSCAR A. TOLOZA JR., from on or about January 19, 2011, through discharge from the defendant facility, SELECT MEDICAL/KESSLER, and any readmission and necessary follow-up care and treatment post discharge.

26. The SELECT MEDICAL/KESSLER defendants, by its officers, agents, servants and employees, were negligent, careless and/or unskilled in that they failed and neglected properly to evaluate conditions manifested by OSCAR A. TOLOZA JR., failed and

neglected properly to perform required medical procedures upon OSCAR A. TOLOZA JR., failed to perform necessary medical observations on OSCAR A. TOLOZA JR., failed and neglected to exercise that degree of care, caution, prudence, skill, ability, professional knowledge and training generally possessed by physicians, and hospitals in the locality or similar localities, and was otherwise negligent and unskillful.

27. Defendant BARBARA T. BENEVENTO, MD held herself out to the public, and more particularly to OSCAR A. TOLOZA JR. and/or his health care agent, as possessing the proper degree of learning and skill, and that she undertook to use reasonable care and diligence in the treatment of OSCAR A. TOLOZA JR..

28. Defendant BARBARA T. BENEVENTO, MD was OSCAR A. TOLOZA JR.'s attending physician, and listed in the chart as such.

29. Defendant BARBARA T. BENEVENTO, MD, was careless and unskillful in the treatment and services rendered to OSCAR A. TOLOZA JR., in that she negligently and carelessly failed to heed OSCAR A. TOLOZA JR.'s condition; failed to perform a proper physical examination and assessment, negligently and carelessly departed from good and accepted medical practices and procedures rendered for and on behalf of OSCAR A. TOLOZA JR.; failed to assess OSCAR A. TOLOZA JR.'s skin condition, failed to heed the reports of others concerning OSCAR A. TOLOZA JR.'s worsening skin condition, and failed and neglected to exercise that degree of care, caution, prudence, skill, ability, professional knowledge and training generally possessed by reasonable physicians.

30. Defendant MONIFA BROOKS, MD held herself out to the public, and more particularly to OSCAR A. TOLOZA JR. and/or his health care agent, as possessing the proper degree of learning and skill, and that she undertook to use reasonable care and diligence in the treatment of OSCAR A. TOLOZA JR..

31. Defendant MONIFA BROOKS, MD was OSCAR A. TOLOZA JR.'s attending physician, and listed in the chart as such.

32. Defendant MONIFA BROOKS, MD, was careless and unskillful in the treatment and services rendered to OSCAR A. TOLOZA JR., in that she negligently and carelessly failed to heed OSCAR A. TOLOZA JR.'s condition; failed to perform a proper physical examination and assessment, negligently and carelessly departed from good and accepted medical practices and procedures rendered for and on behalf of OSCAR A. TOLOZA JR.;

failed to assess OSCAR A. TOLOZA JR.'s skin condition, failed to heed the reports of others concerning OSCAR A. TOLOZA JR.'s worsening skin condition, and failed and neglected to exercise that degree of care, caution, prudence, skill, ability, professional knowledge and training generally possessed by reasonable physicians.

33. From the time of admission onward, OSCAR A. TOLOZA JR. developed pressure ulcers (decubitus ulcers) on his buttocks, ischium (bilaterally), occipital area and on other places including the feet.

34. Some of the pressure ulcers developed by plaintiff TOLOZA progressed to stage III and stage IV.

35. The stage III and stage IV pressure ulcers developed by OSCAR A. TOLOZA JR. are "Never Events" (formally known as Serious Reportable Events) pursuant to the authority of the Department of Health & Human Services Centers for Medicare & Medicaid Services' under section 5001(c) of the Deficit Reduction Act (DRA) of 2005.

36. The stage III and stage IV pressure ulcers developed by OSCAR A. TOLOZA JR. are "Never Events" (formally known in New Jersey as serious preventable adverse events) which must be reported under The New Jersey Patient Safety Act (P.L. 2004, c.9).

37. Upon information and belief, Defendants failed to report plaintiff's decedent TOLOZA's stage III and stage IV pressure ulcers to the New Jersey Department of Health.

38. OSCAR A. TOLOZA JR.'s pressure ulcers developed and progressed during his stay because of defendants' and/or their employees' deviation from the standard of care for the prevention and treatment of pressure ulcers.

39. Defendants deviated from the standard of care by failing to timely utilize a proper hospital bed designed for the prevention and treatment of pressure ulcers.

40. Turning a bedridden patient every two hours is a standard protocol for the prevention of pressure ulcers.

41. Defendants deviated from the standard of care by failing to properly turn OSCAR A. TOLOZA JR. at least every two hours.

42. Defendants deviated from the standard of care by failing to conduct proper examinations of OSCAR A. TOLOZA JR.'s skin to check for pressure ulcers.

43. Defendants deviated from the standard of care by failing to timely recognize the early signs of pressure ulcers and to implement treatment at an early stage.

44. Defendants deviated from the standard of care by neglecting the early signs of skin break down and pressure ulcers and thereby failed to implement timely and proper treatment.
45. Defendants deviated from the standard of care by neglecting the appearance of pressure ulcers and thereby failing to implement timely and proper treatment.
46. Defendants deviated from the standard of care by failing to obtain the proper consults to treat OSCAR A. TOLOZA JR.'s pressure ulcers.
47. Defendants deviated from the standard of care by failing to tell OSCAR A. TOLOZA JR. and/or his health care proxy about OSCAR A. TOLOZA JR.'s development of skin breakdown and pressure ulcers.
48. Defendants deviated from the standard of care by failing to timely transfer OSCAR A. TOLOZA JR. to a facility that could render proper treatment to him for his pressure ulcers.
49. Defendants willfully and/or with recklessness and/or with gross negligence allowed TOLOZA's pressures ulcers to progress to stage 3 and 4.
50. Defendants willfully and/or with recklessness and/or with gross negligence concealed from OSCAR A. TOLOZA JR. and/or his health care proxy, TOLOZA's development of pressure ulcers and their progression to stage 3 and 4.
51. On or about May 29, 2011, OSCAR A. TOLOZA JR.'s $O_2$ saturation dropped with decreased breath sounds at the bases, and OSCAR A. TOLOZA JR. was transferred to Saint Barnabas Hospital to rule out pulmonary embolism.
52. The discharge report makes no mention of OSCAR A. TOLOZA JR.'s stage 3 and/or stage 4 pressure ulcers.
53. The discharge report attempted to conceal the fact that OSCAR A. TOLOZA JR. developed severe pressure ulcers while under the care and custody of the defendants.
54. Upon presentation to Saint Barnabas Hospital, physicians and personnel there immediately discovered OSCAR A. TOLOZA JR.'s pressure ulcers and commenced proper treatment.
55. On or about June 8, 2011, OSCAR A. TOLOZA JR. was discharged from Saint Barnabas Hospital and was transferred to defendant SELECT MEDICAL/KESSLER's facility in West Orange, New Jersey where he was admitted.
56. During this admission, defendants' further deviation from the standard of care allowed OSCAR A. TOLOZA JR.'s pressure ulcers to further progress and allowed new ones to develop.

57. On or about June 29, 2011, OSCAR A. TOLOZA JR. was discharged from SELECT MEDICAL/KESSLER's facility in West Orange, New Jersey.

58. Defendants actively concealed the development, presence and serious nature of pressure ulcers from OSCAR A. TOLOZA JR. and/or his health care proxy.

59. This concealment interfered with OSCAR A. TOLOZA JR.'s ability to seek proper treatment of the pressure ulcers.

60. This concealment led to the progression of the pressure ulcers to a more advanced stage and the development of new pressure ulcers.

61. Defendants were under a legal duty to report OSCAR A. TOLOZA JR.'s Stage III and IV pressure ulcers to the State of New Jersey.

62. Upon information and belief, defendants did not report the presence of OSCAR A. TOLOZA JR.'s Stage III and IV pressure ulcers to the State of New Jersey.

63. Upon information and belief, defendants concealed the presence of OSCAR A. TOLOZA JR.'s Stage III and IV pressure ulcers from OSCAR A. TOLOZA JR.'s insurer.

64. Upon information and belief, defendants did not report the presence of OSCAR A. TOLOZA JR.'s Stage III and IV pressure ulcers because they would not get paid for any additional treatment that the pressure ulcers required.

65. OSCAR A. TOLOZA JR. suffered greatly as a result of the development of advanced stage pressure ulcers due to the aforesaid negligence and malpractice of defendants.

66. OSCAR A. TOLOZA JR. died on October 1, 2012.

67. The aforesaid medical malpractice and negligence was a proximate cause of OSCAR A. TOLOZA JR.'s death.

68. The immediate cause of death of OSCAR A. TOLOZA JR., as listed on the NYC Medical Examiner's Medical Certificate of Death, was "Pneumonia and Gangrenous Decubitus Ulcers Complicating Quadriplegia After Spinal Cord Injuries Due To Blunt Impact"

69. The aforementioned stage III and IV pressure ulcers are the same ones that ultimately caused OSCAR A. TOLOZA JR.'s death.

70. Defendants are liable to the Estate of OSCAR A. TOLOZA JR. for his actual damages in an amount to be determined by a jury.

71. Defendants are liable for punitive damages to The Estate of OSCAR A. TOLOZA JR. for gross negligence, recklessness and/or willful acts relating to their concealment and failure to properly treat OSCAR A. TOLOZA JR.'s pressure ulcers.

### AS AND FOR A SECOND CAUSE OF ACTION (Wrongful Death)

72. Plaintiff repeats and reiterates the aforesaid paragraphs as if fully set forth hereat.
73. Defendants wrongfully caused the death of OSCAR A. TOLOZA JR.
74. As such, defendants are liable to the next of kin of OSCAR A. TOLOZA JR. in an amount to be determined by a jury.

Plaintiff demands a jury trial under FRCP 38(b).

WHEREFORE, Plaintiff demands judgment against all defendants jointly and severally in an amount to be determined at trial, together with punitive damages (up to the constitutional maximum) with interest and the taxable costs and disbursements of this action.

Dated: April 29, 2013
     Woodmere, New York

/s
Victor M. Serby, Esq. [VS-4606]
Attorney for Plaintiff
255 Hewlett Neck Road
Woodmere, NY 11598
Tel. 516-374-2455
E-Mail: serbyv@gmail.com

Law Offices of Brian P. Wright
and Associates, P.C.
Attorney for Plaintiff
1979 Marcus Ave. Ste 210
New Hyde Park, NY 11042-1022
Tel. (516) 622-2263
E-Mail: bwrightlaw1@aol.com

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-----------------------------------------------------------------X
ERLINDA GARGUILO AS EXECUTRIX of the
Estate of OSCAR A. TOLOZA, JR. (deceased),

                              *Plaintiff*,

       -against-

KESSLER INSTITUTE FOR REHABILITATION;
KESSLER INSTITUTE FOR REHABILITATION, INC.;
SELECT MEDICAL CORPORATION; SELECT
MEDICAL OF NEW JERSEY, INC.; KESSLER
REHABILITATION CORPORATION;  MONIFA
BROOKS, MD;  and BARBARA T. BENEVENTO, MD,

                              *Defendants*.
-----------------------------------------------------------------X

**PHYSICIAN'S AFFIDAVIT UNDER NJ 2A:53A-27**

STATE OF NEW YORK    )
                                   ) : ss.
COUNTY OF NASSAU    )

   I, Ali E. Guy, M.D., being duly sworn, depose and say:

1. I am a physician licensed and continuously registered to practice medicine in the State of New York since July 1985.

2. I have been Board Certified in Physical Medicine and Rehabilitation by the American Board of Physical Medicine and Rehabilitation from 1989 to the present.

3. My primary field of practice is Physical Medicine and Rehabilitation.

4. I make this affidavit to state that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the practice and treatment (or lack thereof), that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices.

5. I have reviewed the medical records of OSCAR A. TOLOZA JR. during his admissions to KESSLER INSTITUTE FOR REHABILITATION.

6. OSCAR A. TOLOZA JR. was initially admitted to KESSLER INSTITUTE FOR REHABILITATION with no pressure sores, rashes, or non-healing ulcers and a documented integumentary assessment, as "negative."

7. Early in his stay at the facility, he started developing pressure ulcers.

8. These pressure ulcers progressed to Stage III and Stage IV because of inadequate preventative measures and treatment by the defendants who were responsible for OSCAR A. TOLOZA JR.'s care.

9. The development of Stage III and Stage IV pressure ulcers in a patient are "never events" that do not occur absent negligent care or a deviation from the standard of care.

10. I am knowledgeable in the relevant issues involved in this particular action and have concluded on the basis of my review that there is a reasonable basis for the commencement of this action.

_____
Ali E. Guy, M.D.

Sworn to and subscribed before me

this 23rd day of April, 2013

_____
NOTARY PUBLIC



BRIAN P. WRIGHT
NOTARY PUBLIC-STATE OF NEW YORK
NO. 02WR6305617
QUALIFIED IN NASSAU COUNTY
COMMISSION EXPIRES ON MARCH 18, 20__

4/23/13